**BASSICK MFG. CO. v. LYMAN MFG. CO. et al.**

Circuit Court of Appeals, Sixth Circuit. June 30, 1928.

No. 4997.

Patents ⬖328—1,307,734, claim 7, for supplying lubricant under pressure to parts of machines, held infringed.

Gullborg patent, No. 1,307,734, claim 7, relating to means for supplying lubricant under pressure to parts of machines difficult of access, *held* infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit by the Bassick Manufacturing Company against the Lyman Manufacturing Company and others. Decree for defendants, and plaintiff appeals. Reversed, with directions.

Lynn A. Williams, of Chicago, Ill. (Albin C. Ahlberg, of Chicago, Ill., on the brief), for appellant.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. The question presented here is solely whether appellees have infringed claim 7 of the Gullborg patent (No. 1,307,734, June 24, 1919), relating to means for supplying lubricant under pressure (the Alemite process) to parts of machines, such as automobiles, where such parts are difficult of access.

In a suit for an infringement of this and other claims of the Gullborg patent, as well as of certain claims of other patents, the court below held, among other things, that claim 7 in question was not infringed, but without passing upon the validity of the claim. This court held the claim valid, but did not in terms pass upon the question of its infringement. Lyman Mfg. Co. v. Bassick Mfg. Co. (No. 4462) 18 F.(2d) 29. Mandate was issued accordingly. On its coming down, the District Court entered interlocutory decree finding the claim valid, but without passing on the question of infringement. Thereafter, on final hearing, noninfringement was adjudged. This appeal is from that decree.

The printed record filed here on the former appeal has been recertified to this court, as the record on which the decree here complained of was entered. A supplemental record, containing proceedings in the District Court subsequent to the mandate of this court, has also been filed.

Appellant's counsel lay especial stress upon the proposition that the opinion of this court by necessary or natural implication was a reversal of the district court's finding of noninfringement of claim 7. Considering that question, as we find ourselves compelled to do, by reference only to the former opinion of this court and the mandate thereunder, we are unable to accept the conclusion stated. As already said, a reversal of the finding of noninfringement of claim 7 was not declared; nor was there any statement in terms affecting the merits of that question. Plaintiff's appeal covered not only the finding of noninfringement of claim 7 of Gullborg, but a finding of noninfringement and invalidity as to claim 12 of Winkley, as well as other patents. The opinion of this court in terms found that the last-

mentioned claim (Winkley's) was valid and infringed, which of itself required decree of reversal on plaintiff's appeal. It may well have been thought that the broader construction given by this court of Gullborg's claim 7 than allowed it by the District Court might affect the judgment of that court with respect to infringement. Suffice it to say, however, that we are not justified in considering the decree of this court as a reversal of the finding of noninfringement of the claim here in suit. That claim must now be considered upon its merits. Appellees have not appeared upon the hearing of the present appeal, nor have they filed brief thereon; and appellant's counsel refer to their briefs on the former appeal without here completely restating their arguments.

Claim 7 of Gullborg reads thus:

"7. The combination with means for supplying lubricant under pressure, said means comprising a discharge outlet, of a coupling member connected with said discharge outlet, a perforated cup leather slidably mounted in said coupling member, and means for yieldingly urging said cup leather toward the outer end of said coupling member."

From the combination of this claim the pin fitting and all its coacting features found in other claims are omitted. The lubricant feed means having a discharge outlet are included.

Defendant's structure, while differing in some details from plaintiff's device, we think has in substance all the elements of claim 7. It has a coupling member mounted on a sleeve screwed onto the discharge outlet extension, a perforated cup leather slidably mounted in the sleeve and fitting the bore of the barrel thereof, and a spring yieldingly urging the cup leather toward the outer end of the sleeve.

The District Judge said in his opinion that the substance of the perforated leather gasket slidably mounted is by defendant's structure preserved and appropriated; that the spring to position and yieldingly urge said member toward the outer end of the coupling member is likewise preserved in substance and appropriated. He was, however, of opinion that to sustain the claim required treating Gullborg's cup-shaped perforated leather gasket, with its spring, as a new and patentable element, and that in view of the narrow range of equivalents to which the district judge thought plaintiff entitled it would be necessary, in order to find infringement, to limit the perforated cup leather element having those characteristics to one substantially like Gullborg's; in other words, that the infringing device must substantially appropriate Gullborg's device.

We find it unnecessary to determine whether defendant would have infringed under the view just referred to. This court, however, on the former appeal, saw no invalidity in the claim, and treated the perforated leather cup as a new and patentable element in the association described, and by natural implication as entitled to a reasonably broad construction. It said: "We see no invalidity in claim 7. It calls for the coupler member, including the perforated cup leather which is its novel characteristic, and in combination with any suitably coupled member leading to the bearing. This subassembly performs by itself a step in the operation and develops the new suction function; and we see no reason why it should not be covered by a claim which includes the associated means only by general terms. Whether there are distinctions which support the independence of each of the claims named, is not practically important."

We think the differences between claim 7 and the defendant's construction are, at the most, merely improvements upon or additions to the construction disclosed in Gullborg's seventh claim, and that each element of Gullborg's claim performs in defendant's structure the same function as in Gullborg's device. Infringement was thus not avoided. Herman v. Youngstown (C. C. A. 6) 191 F. 579; Munising, etc., Co. v. American Sulphite, etc., Co. (C. C. A. 6) 228 F. 700.

Under the construction placed upon the claim by this court, we think it must be held infringed.

The decree of the District Court adjudging noninfringement of claim 7 must accordingly be reversed, with directions to enter a new decree adjudging infringement thereof.